# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0065, <u>In the Matter of Robert Asipi and Melinda Diaz</u>, the court on July 31, 2017, issued the following order:**

Having considered the brief, memorandum of law, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Robert Asipi (father), appeals the final orders of the Circuit Court (<u>Foley</u>, J.), following a hearing, awarding the respondent, Melinda Diaz (mother), sole decision-making responsibility and primary residential responsibility for the parties' two children, and ordering him to pay child support. He asserts that the trial court should have awarded him primary residential responsibility for the children and, thus, that it erred by ordering him to pay child support. We construe his brief to argue that the trial court's factual findings are not supported by the evidence and that the trial judge demonstrated bias against him.

The trial court has broad discretion in matters involving parental rights and responsibilities, and in awarding child support. <u>In the Matter of Choy & Choy</u>, 154 N.H. 707, 713 (2007); <u>In the Matter of Hennessey-Martin & Whitney</u>, 151 N.H. 207, 212 (2004); <u>see</u> RSA 461-A:20 (Supp. 2016) ("Any provision of law that refers to the 'custody' of minor children shall mean the allocation of parental rights and responsibilities as provided in this chapter."). The trial court's discretion "necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses." <u>In the Matter of Choy</u>, 154 N.H. at 713. "Conflicts in the testimony, questions about the credibility of witnesses and the weight to be given testimony are for the trial court to resolve." <u>Id</u>. "Our review is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion." <u>Id</u>. This means that we review only whether the record establishes an objective basis sufficient to sustain the trial court's discretionary judgments. <u>Id</u>.

It is the burden of the appealing party, here the father, to provide this court with a record sufficient to decide his issues on appeal. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250-51 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding

or conclusion."); <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).  In this case, the father has failed to provide a transcript of the final hearing.  Thus, he cannot meet his burden to demonstrate that the court unsustainably exercised its discretion in its final orders.  In these circumstances, we must assume that the evidence was sufficient to support the court's orders.  <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396 (1997).

The father also argues that the trial judge demonstrated bias against him.  Assuming, without deciding, that he preserved this issue for review, <u>but see</u> <u>Bean</u>, 151 N.H. at 250, we note that adverse rulings alone do not establish that the judge was biased, <u>see</u> <u>State v. Bader</u>, 148 N.H. 265, 271 (2002).  Based upon our review of the record, we conclude that no reasonable person would have questioned the judge's impartiality and that no factors were present that would have <u>per</u> <u>se</u> disqualified him from participating in this case.  <u>See</u> <u>id</u>. at 268-71.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
